### LEVENSON WRECKING CO. v. JARDIN CO., Inc.

(Supreme Court, Appellate Term, First Department.    June 3, 1914.)

CONTRACTS (§ 306*)—CONTRACT TO REMOVE BUILDING—CLAIMS RISING OUT OF TRANSACTION—COUNTERCLAIM.

Plaintiff contracted to remove four buildings from defendant's premises within 16 days from June 27th, the contract providing that he should have the material, and that if he was denied access to any of the buildings within the time stipulated he would remove them as soon as possible. After July 8th or 9th plaintiff demolished parts of them, but at no time before July 23d was he given access to all the buildings so as to enable

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

him to properly perform the work, on which date he was notified to abandon it and that defendant would finish it himself. *Held*, in an action for the value of material removed by plaintiff and thereafter appropriated by defendant, and for an agreed price for work done at defendant's request after abandonment, that, as plaintiff was guilty of no breach of contract, defendant could not recover on counterclaims for the removal of rubbish which the original contract required plaintiff to remove, or for the expense of completing the work.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1528–1533; Dec. Dig. § 306.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Levenson Wrecking Company against the Jardin Company, Incorporated. Judgment for defendant for $500 on its counterclaim, and plaintiff appeals. Reversed, and judgment directed for plaintiff in the sum of $142.33.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

Feltenstein & Rosenstein, of New York City (Moses Feltenstein, of New York City, of counsel), for appellant.

William L. Bowman, of New York City (Frank C. Briggs, of Syracuse, of counsel), for respondent.

GUY, J. On June 27, 1913, plaintiff, a wrecking company, entered into a written contract with defendant to remove four buildings from defendant's premises within 16 days from the date of said contract, for the sum of $434.54; the material from the buildings, when removed, to belong to the plaintiff. The contract contained the following provision:

"It is understood that should we (plaintiff) be denied access to any of the buildings within the stipulated time that we will then remove all but that building within the time stipulated in the contract and then remove that building in accordance with the terms of this contract; except for the provision as to time, within the shortest possible space of time after we have access to this building or buildings." Plaintiff's Exhibit A.

At the time the contract was entered into, all four buildings were occupied by tenants of defendant and continued to be so occupied in whole or in part up to the 22d of July, 1913. On July 8th or 9th, some of the tenants moved out, and plaintiff did some work of demolition on parts of the buildings; but it is established convincingly by the evidence that at no time prior to July 22, 1913, did defendant give plaintiff access to any or all of said buildings so as to enable plaintiff to properly perform its contract in removing them from defendant's premises. On July 22d defendant notified plaintiff to abandon the job and that defendant would finish the job itself. Plaintiff brings action, not for the contract price under the written contract, but for the value of parts of the buildings removed by plaintiff, which, under said contract, then became the property of the plaintiff, and for an agreed price of $100 for the doing of a part of the work of removal at defendant's request after plaintiff had been notified by defendant to abandon the

job under the original contract. Defendant, on the trial, conceded that plaintiff was entitled to the value of the material removed by plaintiff, and afterwards appropriated by defendant, to the value of $174.33; and the evidence fully established that plaintiff was entitled to recover the agreed price of $100 under the subsequent contract, the only opposition on the part of defendant to said claim being on the ground that the work was not finished in one day. The contract under which this work was done (plaintiff's Exhibit B) did not provide for the doing of the work within a specified time, and plaintiff, on the evidence, was entitled to a verdict for this amount also.

The defendant set up three counterclaims: First, for the removal of 149 loads of rubbish at $2.50 per load, which, under the original contract, it would have been plaintiff's duty to remove. The evidence, however, showed that plaintiff was not guilty of any breach of contract, having never been given such access to the buildings as was necessary for the performance of its contract. The defendant, on the evidence, was not entitled to recover on this counterclaim.

Defendant's second counterclaim is for $378.81, money alleged to have been expended by defendant in performing plaintiff's original contract after defendant had notified plaintiff to abandon the same. For the same reason defendant was not entitled to recover on this counterclaim, having failed to show any breach of contract on the part of the plaintiff, and the evidence introduced by plaintiff having, on the contrary, fully established the failure on the part of the defendant to give plaintiff sufficient access to the buildings to enable plaintiff to perform its contract.

Defendant's third counterclaim is for the value of 44 loads of brick sold and delivered to plaintiff by defendant, aggregating $132. Sixty-three dollars of this amount was conceded by plaintiff to be due defendant. On this disputed question of fact as to the amount due under this counterclaim, the court having determined the question of fact in favor of defendant, defendant was entitled to have that amount deducted from the judgment which plaintiff was entitled to under its causes of action. Deducting this amount from the amount proven to be due plaintiff, $274.33, would leave due plaintiff the sum of $142.33, for which sum plaintiff was entitled to judgment.

The judgment in favor of defendant should therefore be reversed, with costs, and judgment directed in favor of plaintiff for the sum of $142.33, with costs. All concur.